United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Steven Burlett,                                             Case No. 09-57450-R
            Debtor.                                         Chapter 7
_____/

Opinion

I.

This matter is before the Court on the trustee's motion to compel Marc N. Drasnin to turn over property of the estate and a motion filed by Drasnin and Susan Burlett to excuse turnover and for a determination that the debtor's employment buyout proceeds are not property of the estate.

The debtor filed for chapter 7 relief on June 2, 2009. Gene Kohut was appointed the chapter 7 trustee. Pre-petition, the debtor and his wife, Susan Burlett, divorced. A consent judgment of divorce was entered on January 17, 2008, in Washtenaw County Circuit Court. Pursuant to the terms of the divorce judgment, the debtor was to pay child support of $1,225 per month. Spousal support was not awarded to either party. The property settlement portion of the divorce judgment provided, in part, that the debtor was to indemnify Susan Burlett for the debt relating to a 2003 motor home, pay $5,000 to Susan Burlett, and pay the $935.59 debt owed on an American Express account.

The debtor defaulted on his obligations under the divorce judgment. On April 22, 2009, the Washtenaw County Circuit Court entered an Order Regarding Spousal Support, Judgment of Divorce Obligations and Other Matters. The order provided that the debtor was to pay spousal support of $22,875 by paying $423.61 per month for 54 months. The order further provided that the

debtor was to satisfy the underlying indebtedness and remove Susan Burlett's name as an obligor on the motor home. The order also contained a paragraph entitled, "Employment Buyout." The debtor had been in negotiations with his employer, Ford Motor Co., to possibly accept a buyout. This paragraph provided, in part:

> 11. FORD MOTOR COMPANY SHALL NOT RELEASE ANY MONEY AS A RESULT OF A BUYOUT DIRECTLY TO DEFENDANT. ALL PROCEEDS FROM ANY BUYOUT SHALL BE HELD IN ESCROW, PURSUANT TO PARAGRAPH 12.
>
> 12. In the event Defendant negotiates a buyout of his present employment with Ford Motor Company, the proceeds, less income tax withholding, shall be tendered to counsel for Plaintiff and Defendant. Counsel shall open a joint escrow account with a mutually agreed upon financial institution and deposit the funds in an FDIC insured account. That account is to give Defendant an opportunity to pay from those funds any other amount he may owe the Plaintiff by virtue of a subsequent default in any of the payment terms. An immediate disbursement of funds shall be made to Plaintiff, to payoff the balance of any spousal support then owing in accordance with the above paragraphs. Plaintiff shall also be responsible for any collection fees charged by the Friend of the Court and any statutory surcharges on the amount owed. The remaining balance of buyout proceeds shall be released to Defendant upon presentment of a Release of Plaintiff's liability on the underlying Motor Home installment loan due Bank of West or its assignees, and/or applied as payment towards a full payoff of said financing debt for the Motor Home.

April 22, 2009 order at 4.

The debtor defaulted on his obligations under the April 22, 2009 order. On June 2, 2009, the debtor filed for chapter 7 protection.

On June 5, 2009, Ford issued the debtor a check in the amount of $44,100. This represented the after tax proceeds from the debtor's employment buyout. The check was made out to the debtor and Marc Drasnin, Susan Burlett's divorce attorney.[1]

---

1. The Washtenaw County Circuit Court issued two additional orders post-petition: one on June 12, 2009, authorizing deposit of buyout proceeds, disbursement and other relief; and one on July 9, 2009, finding the debtor's obligations to Susan Burlett to be in the nature of support and therefore

On July 8, 2009, the trustee filed a motion to compel Marc N. Drasnin to turn over property of the estate. On July 20, 2009, Marc Drasnin and Susan Burlett filed a motion to excuse turnover and for a determination that the debtor's employment buyout proceeds are not property of the estate. The Court conducted a hearing on both motions on August 17, 2009, and took the matters under advisement.

The trustee argues that the buyout proceeds are property of the estate under 11 U.S.C. § 541(a)(1) and should be turned over pursuant to § 542. The trustee asserts that Susan Burlett is only entitled to spousal support in the amount of $22,875 pursuant to the April 22, 2009 order.

Susan Burlett asserts that the buyout proceeds were imposed with a constructive trust pursuant to the April 22, 2009 state court order and are not property of the estate.

II.

In *XL/Datacomp, Inc. v. Wilson* (*In re Omegas Group, Inc.*), 16 F.3d 1443 (6th Cir. 1994), the Sixth Circuit held that a constructive trust cannot be imposed by the bankruptcy court. The court stated, "Because a constructive trust, unlike an express trust, is a remedy, it does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment 'impressing' defendant's property or assets with a constructive trust." *Omegas Group*, 16 F.3d at 1451.

Two years later, in *McCafferty v. McCafferty* (*In re McCafferty*), 96 F.3d 192 (6th Cir. 1996), the court held that, "*Omegas Group* would allow 'property already impressed with a constructive trust by a court in a separate proceeding prepetition . . .' to be excluded from the bankrupt's estate." *McCafferty*, 96 F.3d at 197 (citing *Omegas Group*, 16 F.3d at 1451).

In *McCafferty*, the issue was "whether a portion of a husband's state government pension

---

nondischargeable under 11 U.S.C. § 523(a)(5). However, Susan Burlett is not relying on either order in support of her motion.

3

awarded to his former wife in a divorce decree is a dischargeable debt in the husband's subsequent bankruptcy proceeding." *Id.* at 193. The wife argued that by virtue of the divorce decree, which awarded her one-half of the value of her husband's pension, "her share of the pension benefits was her sole and separate property held in constructive trust by her former husband and could not be considered property of McCafferty's bankruptcy estate." *Id.* at 194.

The bankruptcy court held that the obligation was dischargeable, the district court affirmed, but the court of appeals reversed and remanded. The court noted that the debtor's former wife was not asking the bankruptcy court to impress the bankruptcy estate with a constructive trust. Instead, she was asking the court to recognize that the property had already been impressed with a constructive trust by the state divorce court. Therefore, the court had to determine whether the Ohio divorce judgment gave rise to a constructive trust under Ohio law. Based on the court's review of Ohio law and the language in the parties' divorce judgment which specifically awarded Ms. McCafferty $100,250.21 from her former husband as a distribution of her interest in his retirement plan, the court concluded that the divorce judgment awarded Ms. McCafferty a separate property interest in her husband's pension. *Id.* at 197. The court noted that under Ohio law, a constructive trust arises "'where a person holding title to property is subject to an equitable duty to convey it to another on ground that he would be unjustly enriched if he were permitted to retain it . . . .'" *Id.* at 198 (quoting *Croston v. Croston*, 18 Ohio App. 2d. 159, 162, 247 N.E.2d 765 (Ohio App.1969)). The court concluded that the effect of the divorce decree was to impress a constructive trust upon those assets. *Id.* at 198.

More recently, in *Hines v. Hines* (*In re Hines*), 193 Fed. Appx. 391, 2006 WL 1792705 (B.A.P. 6th Cir. June 29, 2006), the Bankruptcy Appellate Panel of the Sixth Circuit concluded that the language of a divorce decree operated to award the debtor's former spouse a separate property

4

interest held in constructive trust. The relevant portion of the divorce decree stated:

> [Debtor] shall, solely and exclusively, retain his retirement/pension plan through his employer, City of Cincinnati, free and clear of any interest of [Hines]. However, [Debtor] shall pay to [Hines] $12,500 no later than thirty-six (36) months from the journalization of this Decree of Divorce as and for her netted share of his retirement.

*Hines* at *2.

The court rejected the debtor's argument that the language in his divorce decree was distinguishable from that in *McCafferty,* stating:

> There is no substantive difference between the divorce decree in *McCafferty*, which awarded the wife a monetary amount as "a distribution of her interest in the [husband's] retirement plan," and the decree in the instant case, which awarded Hines a sum "as and for her netted share of [the Debtor's] retirement." Further, as occurred in *McCafferty*, the effect of the divorce decree in the present case was to impress a constructive trust upon Hines' interest in the retirement plan.

*Hines* at *4.

Like the law in Ohio, under Michigan law, a constructive trust may be imposed "where such trust is necessary to do equity or to prevent unjust enrichment . . . ." *Ooley v. Collins*, 73 N.W.2d 464, 469 (Mich. 1955). A constructive trust may be used when property, while not necessarily wrongfully acquired, is unconscionably withheld. *Kent v. Klein*, 91 N.W.2d 11, 14 (Mich. 1958).

In *Arndt v. Vos*, 268 N.W.2d 693 (Mich. App. 1978), the court stated:

> Constructive trusts are creatures of equity and their imposition makes the holder of the legal title the trustee for the benefit of another who in good conscience is entitled to the beneficial interest. They are distinguished from express and resulting trusts in that they do not arise by virtue of agreement or intention, but by operation of law. Constructive trusts, while infinite in their variety, are imposed only where it would be inequitable to do otherwise.

*Id.* at 695 (citations omitted).

The Court concludes that the language of paragraph 12 of the state court order of April 22, 2009, quoted above, effectively imposes a constructive trust upon the buyout proceeds for the

purpose of paying the balance of the spousal support and the loan due on the motor home. Susan Burlett's property right is fixed in this sentence of that paragraph: "An immediate disbursement of funds shall be made: to Plaintiff, to payoff the balance of any spousal support then owing in accordance with the above paragraphs." The debtor's right is then fixed in this sentence of the same paragraph: "The remaining balance of buyout proceeds shall be released to Defendant upon presentment of a Release of Plaintiff's liability on the underlying Motor Home installment loan due Bank of West or its assignees, and/or applied as payment towards a full payoff of said financing debt for the Motor Home." For these reasons, the court concludes that the buyout proceeds are not property of the estate. The trustee's motion is denied and the motion filed by Marc Drasnin and Susan Burlett is granted.

Not for publication

**Signed on October 15, 2009**

                                                  **/s/ Steven Rhodes**
                                                  **Steven Rhodes**
                                                  **United States Bankruptcy Judge**

6

09-57450-swr    Doc 48    Filed 10/15/09    Entered 10/16/09 06:54:10    Page 6 of 6